IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RANDALL B. CAUSEY**                                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:18CV181 CWR-LRA**

**A.W. CARLTON, et al.**                                                      **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Randall Causey ["Plaintiff" or "Causey"] files the instant action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees and the United States of America alleging constitutional and Federal Torts Claims Act violations during his previous confinement at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi. Previous Report and Recommendations [91, 92] were entered by the undersigned in this case on February 11 & 20, 2020, recommending that Motions to Dismiss [66, 68, 72, 74, & 76] be granted, and that the guards and FCC-Yazoo officials and Nurse Scott be dismissed from this suit. Now before the undersigned is the Motion to Dismiss filed by Dr. Anthony Chambers [70]. Defendant Chambers attached one exhibit in support of his motion, that being his October 19, 2018 affidavit. Having considered the submissions of the parties and the applicable law, the undersigned recommends that Dr. Chambers's motion be granted and that he be dismissed with prejudice. This recommendation is based upon the following review and analysis.

**Factual Background**

Many of the facts as alleged by Plaintiff are set forth in the prior Report and Recommendations [91, pp. 2-4; 92, pp. 2-3] and will not be repeated herein. More specific factual allegations made by Plaintiff regarding Dr. Chambers are also accurately summarized in his Memorandum, [71, pp. 2-5]. Generally, as to Dr. Chambers, Plaintiff charges that he was the "head doctor" at the prison. Plaintiff went to sick call on July 19, 2016, and spoke with Nurse Scott about having severe headaches, chills, fever, vision loss, energy loss, and a loss of appetite. As set forth in the prior Report and Recommendations, Nurse Scott and Plaintiff were involved in an incident which resulted in Plaintiff leaving the examination and asking to be treated by someone else. Nurse Scott filed an incident report and charged that he had violated prison rules by "Threatening a Staff Member."

Plaintiff contends that he was escorted by officers to a small holding cell and was kept there for about four hours. He finally saw Dr. Chambers, and Dr. Chambers told him that he must apologize to Nurse Scott prior to receiving care. Plaintiff contends that he explained to Dr. Chambers that the nurse was "rude and unprofessional" and that he was in extreme pain and needed medical care. Dr. Chambers laughed and told him he could "sit there and suffer because [he] must not need medical care that bad[ly]." [65, paragraph 17]. He remained in the cell for another two hours, and then he became dizzy and fell. He went back to health services, but Dr. Chambers and Nurse Scott declined to treat him, according to Plaintiff. He was taken back to the small cell for another two hours. Plaintiff contends that he was finally provided intravenous fluids and was seen by

Dr. Chambers. Dr. Chambers told him he had food poisoning and a large brain tumor located near his optic nerve. [65, paragraphs 21, 23].

Plaintiff underwent brain surgery on December 30, 2016 and was released from ICU on January 4, 2017. He claims that the surgeon provided post-operative instructions, which "medical staff" did not follow. He alleges that he has permanent brain damage due to the delay and lack of follow-up care. He sued Dr. Chambers in his individual capacity, alleging that he violated Causey's Eighth Amendment rights by being deliberately indifferent to his brain tumor. According to Plaintiff, Dr. Chambers knew of the tumor from at least May 2016 but did not provide the surgery until December 2016; this delay caused multiple permanent injuries.

Defendant Dr. Chambers asserts that he is entitled to absolute immunity; accordingly, the claims should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. Alternatively, Dr. Chambers contends that the Complaint does not allege sufficient facts to show his personal involvement in any alleged constitutional violation to overcome his qualified immunity defense; he has no supervisory liability.

## Standard of Review

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A Rule 12(b)(6) motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992).

3

"To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lott v. Edenfield*, 542 F. App'x. 311, 314 (5th Cir. 2013) (internal citations and quotations marks omitted). If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

### Discussion

Defendant Dr. Chambers claims absolute immunity from this lawsuit under the Public Health Service Act, 42 U.S.C. section 233(a). This Act provides that an action against the United States under the Federal Tort Claims Act (FTC) is the exclusive remedy "for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." The United States Supreme Court has specifically held that section 233(a) provides PHS employees with absolute immunity from *Bivens* claims. *Hui v. Castaneda*, 559 U.S. 799, 812 (2010).

Dr. Chambers's affidavit confirms that he is a Commander for the United States Public Health Service (USPHS), employed by it and detailed to the Federal Bureau of Prisons as the Clinical Director for the Health Services Department at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi. He has been employed as a commissioned officer (Commander) in the USPHS at FCC Yazoo City since September

4

21, 1997. [70-1]. At all times relevant to Causey's Complaint, Dr. Chambers asserts that he was acting within the course and scope of his office as Clinical Director, and any medical treatment provided would have been done solely within the scope of his official duties as a commissioned officer in the USPHS. Causey has not contested this assertion, and courts have previously acknowledged Dr. Chambers's status. *Jenkins v. United States*, 733 Fed.Appx. 218, 219 (5th Cir. 2018) ("the district court correctly noted that Chambers's undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity"), citing *Hui*, 559 U.S. at 812. See also *Brown v. Federal Bureau of Prisons*, 5:11cv63-DCB-RHW, 2012 WL 1038809, at *3 (S.D. Miss. Feb. 1, 2012) (the proper party to an FTCA suit is the United States and because Dr. Chambers is a certified public health service officer, he is provided absolute immunity from a *Bivens* claim), citing *Hui,* and *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004); *Stanton v. Windham*, 3:13cv1087-KS-MTP (Oct. 15, 2014)(same).

It is beyond dispute that in light of the statutory exemption in 42 U.S.C. section 233(a), a *Bivens* constitutional tort action can not be maintained against Public Health Service employees like Dr. Chambers for harms arising out of alleged constitutional violations committed while acting with the scope of their employment. *Hui,* 559 U.S. at 812. Nor does the FTCA provide a jurisdictional basis for Causey's claims against Dr. Chambers, as FTCA claims may be brought against only the United States, and not the agencies or employees of the United States. See 28 U.S.C. sections 2671, 2679(a), (b)(1) (the action must be brought against the United States as the sole defendant).

## Conclusion

For the reasons stated herein, the undersigned recommends that the Motion to Dismiss filed by Defendant Dr. Chambers [70] be granted on the basis that this Court lacks subject-matter jurisdiction due to his absolute immunity. The Complaint against him should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. ' 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on February 20, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
