# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RANDALL B. CAUSEY**                                                                **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO.  3:18CV181 CWR-LRA**

**A.W. CARLTON, et al.**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Previous Report and Recommendations [91, 92 & 93 ] were entered by the undersigned in this case on February 11 & 20, 2020, recommending that Motions to Dismiss [66, 68, 70, 72, 74, & 76] be granted, and that the guards and FCC-Yazoo officials and Nurse Scott and Dr. Chambers be dismissed from this suit filed by Randall B. Causey [hereinafter "Plaintiff" or "Causey."]   Now before the undersigned is the Motion to Dismiss filed by the United States of America [78].  The United States contends that the Complaint does not allege a plausible medical negligence claim because it is vague and conclusory and fails to allege facts sufficient to allow one to conclude that the government owed a particular duty of care, that the government breached that duty, or that such breach of duty caused Plaintiff harm.  And, that Causey cannot prove his medical malpractice claim without expert-witness testimony.  Having considered the submissions of the parties and the applicable law, including both responses filed by Plaintiff and docketed at [54] and [80], the undersigned recommends that the Motion to Dismiss filed by the United States be denied without prejudice.  The undersigned recommends that the parties be allowed to conduct discovery.  Upon a proper motion,

Causey may be allowed to file a Third Amended Complaint and to designate experts to support his claims. Defendant will still be allowed to file a motion to dismiss (or for summary judgment) by a date certain. This recommendation is based upon the following review and analysis.

## *Factual Background*

Many of the facts as alleged by Plaintiff are set forth in the prior Report and Recommendations [91, pp. 2-5; 92, pp. 1-3; 93, pp. 2-3] and will not be repeated herein. More specific factual allegations made by Plaintiff regarding his medical care are also accurately summarized in the Memorandum [79, pp. 3-10].

As stated in the earlier Report and Recommendations, Plaintiff underwent brain surgery on December 30, 2016 and was released from ICU on January 4, 2017. He claims that he began seeking treatment almost a year earlier, on January 14, 2016, when he sought treatment for a lump in his right breast. On February 8, 2016, his blood tests revealed an elevated prolactin level, and Plaintiff contends that is indicative of a brain tumor. He was treated on May 1 at King's Daughters Hospital for food poisoning. Unnamed health services personnel at the prison did not provide the prescribed medication, according to Plaintiff. On May 3, Plaintiff was treated at River Regional Hospital for an "unrelated condition." He had an MRI while there. From May 3 until July 19, Plaintiff went to the medical triage on several occasions, but he does not name who treated him. According to Plaintiff, he emailed medical staff several times to try to find out results of the January 14 blood tests, the May 1 King's Daughters Hospital labs,

and the results of the River Regional Hospital MRI. Plaintiff charges that all of the medical personnel named as Defendants were involved in withholding his tests results.

On July 19, 2016, Plaintiff's visit to sick call resulted in the confrontation with Defendant Nurse Scott and the diagnosis by Dr. Chambers of a brain tumor. The facts regarding this visit and the events that occurred thereafter are set forth in the previous Reports and Recommendations. In short, Plaintiff contends that he was placed he the SHU and denied medical care for 51 days while there. After leaving the SHU, he suffered from dizziness and fainting, vision loss, migraine headaches, and nausea. He received a second MRI on November 4, 2016, confirming the brain tumor. He finally underwent brain surgery on December 30, 2016. Plaintiff claims that he suffered permanent brain damage due to the undue delay in medical care and the lack of follow-up care by the healthcare staff at FCC-Yazoo.

## *Standard of Review*

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A Rule 12(b)(6) motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Lott v. Edenfield*, 542 F. App'x. 311, 314 (5th Cir. 2013) (internal citations and quotations marks omitted).  If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).

## *Discussion*

Defendant United States contends that Plaintiff has failed to plead a plausible medical negligence claim against it.  Specifically, the facts alleged by Plaintiff are "vague and conclusory" and are insufficient in detail to plead the elements needed to establish a claim under Mississippi law.  According to the government, Plaintiff must plead sufficient facts to prove the following three elements:

1. The existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury;

2. A failure to conform to the required standard; and

3. An injury to the plaintiff proximately caused by the breach of such duty by the defendant.

*Johnson v. Pace*, 122 So.3d 66, 68 (Miss. 2013) (citation and quotation marks omitted).

Defendant argues that Plaintiff has failed to plead sufficient facts to show Defendant's breach of a duty and a proximate injury.  Specifically, in Mississippi, Plaintiff has the burden of establishing the applicable standard of medical care, and whether that duty was breached, by competent expert information.  *Busby v. Mazzeo*, 929 So.2d 369, 372-73 (Miss. 2006).

It is true that Plaintiff has failed to submit competent expert information to support his medical malpractice claim.  He has made many legal conclusions in his complaint

4

that are not supported by his factual allegations. As Defendant points out, he does not identify precisely which person had a legal duty toward him, how and when that person breached the duty; how that breach caused his injury. Although he contends that the delay in diagnosis and treatment caused him permanent damage, he does not plead sufficient facts to support this conclusion nor does he provide the supporting expert opinion. Plaintiff attached a letter to his Complaint from a Dr. Susan T. Arnold, Professor of Pediatrics, Neurology and Neurotherapeutics, UT Southwestern Medical School, Children's Medical Center, Dallas, TX. The letter is unsworn and dated November 23, 2016. Dr. Arnold states that she was asked by Causey's sister to review his medical records from January 14, 2016, through August 29, 2016. Her conclusion was, in part, as follows:

> … Based upon my review of the records, it is my medical opinion that Mr. Causey presented with symptoms on 1/14/2016 that should have prompted an immediate investigation for a possible tumor. The delay of 4 months before an MRI was performed represents substandard medical care. The delay of an additional 3.5 months between identifying the tumor on MRI and his first neurosurgical evaluation is also an unacceptably long delay. Surgery was recommended at that time and as of the date of this review, has not yet been performed. The delays in provision of necessary medical care appear to have resulted in progressive loss of vision likely caused by the pressure of the tumor on the optic chiasm (nerves to the eyes). This may be a permanent impairment that would have been prevented by earlier diagnosis and treatment. In addition, he has suffered nausea, vomiting and an episode of falling with altered consciousness that may also be related to delay in treatment. Finally, if the report of increase in size of the tumor is correct, the delay has also led to further tumor growth which will increase the risks of complications from the needed surgical intervention. This risk would have been minimized by early surgery. …

Second Amended Complaint, 65, pp. 13-14.

5

Defendant reviews the letter and notes why it fails to meet the requirements of establishing sufficient expert information to support Plaintiff's medical malpractice complaint under Mississippi law. The letter also predates Plaintiff's surgery and cannot address Plaintiff's actual injuries. The undersigned concludes that Defendant is correct that Plaintiff has not pleaded the required causation and injury via expert testimony. The letter is insufficient, although Dr. Arnold may ultimately provide a competent expert opinion.

As Plaintiff notes, he has not conducted discovery. He has just been released from prison and has pursued this case *pro se* thus far. Defendant contends that discovery will not save Causey's deficient complaint and that his response cannot be used for the purpose of again amending his complaint. Plaintiff has informed the undersigned that he has attempted to secure private counsel to prosecute his claims and has been unable to do so. If allowed to proceed, Causey should be encouraged to secure an attorney because medical malpractice cases are difficult to prove without an attorney.

The undersigned notes that the requirements regarding a Rule 12(b) dismissal are strict, and a *pro se* plaintiff's pleadings are liberally construed. Some of the medical malpractice cases cited by Defendant were dismissed *after* discovery was allowed, not via a 12(b) motion at the pleading stage. Plaintiff's medical records are not before the Court, and Defendant has presented no medical evidence showing that Plaintiff received appropriate medical care and was not harmed by the delay in diagnosis and treatment of Plaintiff's brain tumor. It is clear that Plaintiff was, in fact, suffering from a brain tumor perhaps as early as January 2016. And, it was nearly a year later before he was provided

6

a neurological consult and the resulting surgery.  No medical or expert evidence has been submitted showing that appropriate and timely care was given Causey, and that he suffered no permanent injuries due to the delay and treatment.   It may well be that this delay was reasonable and did not injure Plaintiff.  But neither party has presented competent evidence either showing medical malpractice or disproving medical malpractice.   Causey submits that the long delay did, in fact, cause him permanent injury.  The undersigned is reluctant to recommend that Defendant's Motion to Dismiss be granted at this stage of the litigation.

In the interest of justice and fairness, (particularly to a *pro se* plaintiff who has been incarcerated but is now free world) it is the opinion of the undersigned that Causey should be allowed an opportunity to secure private counsel and to conduct discovery. Plaintiff should be granted 30 days after this order is entered to secure counsel.  New deadlines regarding amendments to pleadings should be set, along with expert deadlines, a discovery deadline, and a motion deadline.  If Causey cannot obtain counsel, he may proceed *pro se* if he chooses, but he is cautioned regarding the difficulties and problems with his complaint and with his proof as described in Defendant's motion regarding his claims.   He will be required to strictly comply with pleading requirements and discovery requirements.  He must present competent expert information, according to the rules of the Court.  When and if Defendant files a Motion for Summary Judgment, Plaintiff must respond, and the applicable law should be strictly applied and enforced.

*Conclusion*

For the reasons stated herein, the undersigned recommends that the Motion to Dismiss filed by the United States [78] be denied without prejudice. Plaintiff should be granted until 30 days after the entry of this Order to secure counsel. The amendments deadline, the expert deadlines, the discovery deadline, the motion deadline, and the pretrial and trial dates should be set thereafter by the undersigned Magistrate Judge. Obviously, Defendant may file a Motion for Summary Judgment if it contends Plaintiff has still failed to comply with the requirements of the law after discovery is completed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. ' 636,

Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on February 20, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
